725 F.2d 176
 The BOARD OF ELECTRIC LIGHT COMMISSIONERS OF the CITY OF
BURLINGTON, the City of Burlington Electric Light
Department and the City of Burlington,
Plaintiffs- Appellees,
v.
V. Louise McCARREN, individually in her official capacity as
Chairman of the State of Vermont Public Service Board;
Rosalyn L. Hunneman and Samuel S. Bloomberg, individually in
their official capacities as members of the State of Vermont
Public Service Board, Defendants-Appellants,
The City of Winooski, Intervenor-Appellant.
 Cal. Nos. 154, 325, Dockets 82-7955, 83-7021.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 17, 1983.
Decided Dec. 30, 1983.
 
 Harriet Ann King, Waitsfield, Vt. (Thomas Wies, Vermont Public Service Bd., Montpelier, Vt., of counsel), for defendants-appellants.
 William E. Wargo, City Atty., Winooski, Vt., for intervenor-appellant.
 Nancy Goss Sheahan, Burlington, Vt. (McNeil, Murray & Sorrell, Inc., Burlington, Vt., of counsel), for plaintiffs-appellees.
 Before FRIENDLY, VAN GRAAFEILAND and MESKILL, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 This is an appeal from a judgment of the United States District Court for the District of Vermont, (Holden, C.J.), 563 F.Supp. 374, which prohibited the Vermont Public Service Board from assuming jurisdiction over the licensing of appellees' proposed hydroelectric project.
 
 
 2
 The City of Burlington Electric Light Department (Burlington) is seeking to construct a hydroelectric facility (the Chace Mill project) on the Winooski River, a navigable waterway of the United States. Pursuant to the Federal Power Act, 16 U.S.C. Sec. 791a et seq., Burlington filed an application with the Federal Energy Regulatory Commission (FERC) on July 14, 1980, for a license to develop the facility. The FERC currently has the license application under consideration.
 
 
 3
 On May 4, 1981, the City of Winooski petitioned the Vermont Public Service Board for a declaratory ruling as to whether construction of the Chace Mill project was subject to the Board's review under Vt.Stat.Ann. tit. 30, Sec. 248. Section 248 requires utilities to obtain a certificate of general public good from the Board before constructing a generating facility in Vermont. By a two to one decision, the Board issued a declaratory ruling in which it asserted jurisdiction over the licensing of the Chace Mill project.
 
 
 4
 Burlington did not challenge this decision in the Vermont courts. Instead, it sought declaratory and injunctive relief in the district court. On December 9, 1982, the district court granted Burlington's motion for summary judgment, and this appeal followed. We affirm.
 
 
 5
 The legal issues in this case are substantially the same as those in Town of Springfield v. McCarren, 549 F.Supp. 1134 (D.Vt.1982), aff'd by order, 722 F.2d 728 (2d Cir. 1983), cert. denied, --- U.S. ----, 104 S.Ct. 360, 78 L.Ed.2d 322 (1983). The Board argued then, as it does now, that the district court lacked jurisdiction under 28 U.S.C. Sec. 1331; that the action was barred by the Anti-Injunction Act, 28 U.S.C. Sec. 2283; that the Board's ruling was binding upon the district court under the doctrine of res judicata and thus not subject to collateral attack; that the district court should have declined to entertain the action under the Younger abstention doctrine; and that the authority of the Board was not preempted by the Federal Power Act.
 
 
 6
 These contentions were considered carefully by Chief Judge Holden and rejected in his well-reasoned opinion in Town of Springfield, supra, which we affirmed. Having litigated the issues fully and fairly, the Board is not permitted to relitigate them in this case. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326-33, 99 S.Ct. 645, 649-52, 58 L.Ed.2d 552 (1979). The City of Winooski, which sought the assistance of the Board and whose rights, if any, derive from those of the Board, also is bound by the prior determination. See City of Tacoma v. Taxpayers, 357 U.S. 320, 340-41, 78 S.Ct. 1209, 1220-21, 2 L.Ed.2d 1345 (1958).
 
 
 7
 The issue of subject matter jurisdiction is among those upon which further argument is precluded. Insurance Corp. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 2104, n. 9, 72 L.Ed.2d 492 (1982). We find no merit in appellants' contention that the Supreme Court's decision in Franchise Tax Bd. v. Construction Laborers Vacation Trust, --- U.S. ----, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), throws a new and different light on that subject. Franchise involved the removal from the Superior Court of California of a declaratory judgment action brought by the State to determine the preemptive effect of the Employment Retirement Income Security Act (ERISA) vis-a-vis certain State tax regulations. The Supreme Court held that the action should be remanded to the Superior Court because it was "neither a creature of ERISA itself nor a suit of which the federal courts will take jurisdiction because it turns on a question of federal law." Id. at ----, 103 S.Ct. at 2856. That is not the type of situation we have here.
 
 
 8
 In First Iowa Hydro-Electric Coop. v. FPC, 328 U.S. 152, 181, 66 S.Ct. 906, 919, 90 L.Ed. 1143 (1946), and again in FPC v. Oregon, 349 U.S. 435, 445, 75 S.Ct. 832, 838, 99 L.Ed. 1215 (1955), the Supreme Court held that the detailed provisions of the Federal Power Act left no room for conflicting or duplicative state regulations. Despite these holdings, the Vermont Public Service Board has declared appellees' need to secure from it a certificate of public good before they can proceed with the project now being reviewed by the FERC. Appellees assert the right to proceed in accordance with the federal statutes and regulations, and they sought an injunction to nullify the Board's interference with that right. The district court's decision that the Board's order was without legal force and effect was simply a response to appellees' demand for the affirmative relief which was their right under the federal law. The granting of such relief was a proper exercise of the district court's subject matter jurisdiction. See Franchise Tax Bd., supra, --- U.S. at ----, 103 S.Ct. at 2852 n. 20; Stone & Webster Eng'g Corp. v. Ilsley, 690 F.2d 323, 327 (2d Cir.1982), aff'd mem., --- U.S. ----, 103 S.Ct. 3564, 77 L.Ed.2d 1405 (1983).
 
 
 9
 Because we already have affirmed a ruling which rejected the claims appellants are reasserting here, and because we continue to believe that such rejection is proper, we affirm.